UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:20-CR-00030-GNS-1

UNITED STATES OF AMERICA    PLAINTIFF

VS.

TYRECUS J. CROWE et al    DEFENDANT

## MEMORANDUM OPINION AND ORDER

Before the Court is the motion of Defendant Tyrecus Crowe for reconsideration of his eligibility for pretrial release on bond (DN 122). On June 29, 2021, the undesigned conducted an evidentiary hearing on the motion. For the reasons that follow, the motion is **DENIED**.

### BACKGROUND

Crowe is charged in a single count of a superseding indictment with conspiracy to posses with the intent to distribute 500 grams or more of a mixture and substance containing a detectible amount of methamphetamine (DN 80). If convicted of the offense, he would be subject to a period of imprisonment of no less than 10 years (Id.). *See also* 21 U.S.C. § 841(b)(1)(A). Because of the nature of the criminal charge, the Bail Reform Act directs that the undersigned employ a presumption against release, with the burden resting on Crowe to rebut the presumption. *See* 18 U.S.C. §§ 3142(e)(3)(A), 3142(f)(1)(C).

On October 8, 2020 the undersigned conducted a detention hearing (DN 54, 55). The undersigned concluded that the Defendant posed a flight risk, as he had been arrested out of state and there was proffered information that he had fled prosecution. The undersigned further noted

that the Defendant had made a false statement before the Court in an unrelated proceeding at which he appeared as a proposed third-party custodian for a defendant. In sum, the undersigned concluded that the Defendant had not rebutted the presumption in favor of detention and that there were no conditions or combination of conditions which could reasonably assure the safety of the community or the Defendant's appearance at further proceedings (*see* id.).

## DEFENDANT'S PRESENT MOTION

The Defendant asserts in his motion that his medical condition necessitates his release from detention with conditions so that he can receive care which the detention facility is unable or unwilling to provide (DN 122). Specifically, he asserts that he has undergone a decortication surgery on his left lung and continues to suffer complications for which he is not afforded adequate treatment or pain management (Id. at PageID 338). He also contends that he is at increased risk of complications in the event he contracts the COVID-19 virus.

## EVIDENTIARY HEARING

The Defendant was present for the hearing, represented by his retained attorneys, John L. Caudill and Matthew J. Baker. Assistant United States Attorney Mark Yurchisin appeared on behalf of the United States.

The Defendant called as his witness Dr. Frank Taylor, who testified by remote audio. Dr. Taylor is a pulmonologist practicing at Twin Lakes Medical Center. He testified that he examined the Defendant on May 17, 2021, due to complaints of shortness of breath. Dr. Taylor stated that the Defendant had fluid on his lung and a chest tube from the prior decortication surgery by another physician. Dr. Taylor had x-rays performed, and noted he observed density in the left lung, but it was improving over a prior x-ray image. He prescribed antibiotics and wished to see the Defendant in a week "to see what direction things would go. They could get better; they could

get worse." The follow-up appointment was not made, however, and Dr. Taylor recounted being told that the detention facility advised it was "not practical" to come back in a week. This was the only contact Dr. Taylor had with the Defendant, although he is now scheduled to be seen again two days in the future. Dr. Taylor had no opinion on whether the Defendant would benefit from release from detention other than to generally opine that he would be best served by whatever allowed him the freest access to medical care.

The United States called as a witness Rita Wilson, who testified by remote audio. Nurse Wilson is a Registered Nurse and supervises the medical department at the Grayson County Detention Center, where the Defendant is lodged. She testified that the Defendant complained of shortness of breath in February. He was twice taken to Twin Lakes Medical Center but was not admitted. On a third occasion, he was taken to Hardin Memorial Hospital, where he was admitted on February 24 and treated for pneumonia and infection around his lung. The Defendant stayed at Hardin Memorial until he was discharged on March 11. Upon return to Grayson County Detention Center, he was housed in a cell in the medical department where he was subject to checks every fifteen minutes, around the clock, every day. While housed in the medical department, he was asked to walk twice a day, and eventually began spending time in the recreation yard. He was authorized to take up to 1,000 mg. of Tylenol twice a day and up to 800 mg. of Ibuprofen twice a day. Nurse Wilson testified that the Defendant never utilized the full dosage on any day. He has occasionally complained of some pain in his side. Throughout the Defendant's post-hospitalization incarceration, his blood oxygen saturation has been good. The Defendant was transferred from the medical department on June 19, due to what she understood was an altercation with another inmate. She agreed that the jail does not have the ability to perform x-rays on site, and an inmate must be sent to a hospital for those services. She also agreed that the jail does not

have an on-site physician, and the Defendant was last seen by the jail physician in April. She stated that the upcoming appointment with Dr. Taylor resulted from her realizing that the doctor's office had not called the jail to set up an appointment. In this regard, her recollection differs from Dr. Taylor's.

## DISCUSSION

"The hearing may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. 3142(f).

Here, Crowe contends that his ongoing health issues constitute new information which has a material bearing on the conditions of his release. He asserts that he is not afforded adequate medical care while incarcerated and, if permitted release on home incarceration with location monitoring, he would be in a position to seek medical attention as needed. The evidence adduced at the evidentiary hearing does not support his position. Dr. Taylor testified that he examined him one time, reviewed an x-ray which appeared to demonstrate improvement over a prior image, prescribed an antibiotic, and wanted to see him in a week to see if his condition improved or deteriorated. For reasons the parties dispute, the appointment was delayed but is scheduled within the next few days. While incarcerated, Crowe has been sent to the hospital on three occasions, two apparently because the jail was not satisfied that he was not admitted. He has been observed in the medical department, has not fully utilized his permitted pain medication, and his vital signs have remained good. There was no testimony from Dr. Taylor that the jail was not affording Crowe adequate medical treatment, other than the failure to schedule the follow-up examination,

or that the jail was incapable of doing so, such that home-confinement would be the only reasonable option. To the extent that Crowe finds the medical care deficient, "an inmate's conditions of confinement are immaterial to the issue of whether he is a danger to the community and/or risk of flight. If [a defendant] is not getting proper medical care . . . he has remedies available to him, including grievances or ultimately bring suit against the facility." United States v. Keller, No. 07-40016-FDS, 2008 U.S. Dist. LEXIS 103848, *9-10 (D. Mass. 2008). Moreover, Crowe's medical issues do not detract from the undersigned's prior finding that he posed a flight risk. See United States v. Diaz Castillo, No. 91-1660, 1991 U.S. App. LEXIS 27668, *14 (1st Cir. 1991) (Where medical conditions were manageable with medication and the defendant remained ambulatory, there was no reason to believe the defendant's health precluded the risk of flight.).

**WHEREFORE**, Defendant's motion for release from detention (DN 122) is **DENIED**.

June 30, 2021

H. Brent Brennenstuhl
United States Magistrate Judge

Copies: Counsel of Record

BG: 1/10

5