UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:20-CR-00030-GNS-1

UNITED STATES OF AMERICA                                                                                        PLAINTIFF

v.

TYRECUS J. CROWE                                                                                                    DEFENDANT

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Withdraw His Guilty Plea (DN 290). The motion is ripe for adjudication. For the reasons below, the motion is **DENIED**.

### I.     STATEMENT OF FACTS

This case began on September 9, 2020, when Defendant Tyrecus J. Crowe ("Crowe") and six co-defendants were indicted. (Indictment, DN 14). Of the three-count Indictment, Crowe was only charged in Count I: conspiracy to possess a controlled substance with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1). (Indictment 1). Crowe allegedly conspired to possess five hundred grams or more of methamphetamine with the intent to distribute. (Indictment 1). A Superseding Indictment was brought on February 24, 2021, and alleged the same conduct but included an eighth co-defendant. (Superseding Indictment 1, DN 80).

Crowe appeared before the Court on February 23, 2022, for a change of plea hearing. (Order, DN 215). Crowe and the United States entered a Fed. R. Crim. P. 11(c)(1)(B) plea agreement, and, pursuant to that agreement, Crowe sought to withdraw his plea of not guilty and enter a guilty plea. (Order 1; *see also* Plea Agreement, DN 214). The Court accepted Crowe's guilty plea after having found: (1) Crowe was competent to enter the plea; (2) the plea was knowing, voluntary, and with the advice of counsel; (3) Crowe was advised of his constitutional

rights and acknowledged his understanding and waiver of those rights; and (4) a factual basis was established for the plea. (Order 1). A transcript of the proceedings was filed in the record. (Change Plea Hr'g Tr., DN 297 [hereinafter R.]). Crowe has yet to be sentenced.

The instant motion seeks to withdraw Crowe's guilty plea. (Def.'s Mot. Withdraw Plea, DN 290 [hereinafter Def.'s Mot.]). The United States opposes the motion. (Pl.'s Resp. Def.'s Mot. Withdraw Plea, DN 302).

## II. STANDARD OF REVIEW

"Any right, even a constitutional right, may be surrendered in a plea agreement . . . ." *United States v. Ashe*, 47 F.3d 770, 775-76 (6th Cir. 1995) (citing *Town of Newton v. Rumery*, 480 U.S. 386, 393 (1987); *United States v. Johnson*, 22 F.3d 674, 681-82 (6th Cir. 1994)). This surrender, however, must comply with the Due Process Clause, which requires a defendant's waiver to be voluntary, knowing, and intelligent. *United States v. Catchings*, 708 F.3d 710, 716 (6th Cir. 2013). Courts maintain a duty under Fed. R. Crim. P. 11 to "verif[y] that the defendant is pleading voluntarily and that the defendant understands his . . . applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged." *Id.* at 716 (internal quotation marks omitted) (quoting *United States v. Webb*, 403 F.3d 373, 378-79 (6th Cir. 2005)). "When a defendant has entered a knowing and voluntary plea of guilty at a hearing at which he acknowledged committing the crime, the occasion for setting aside a guilty plea should seldom arise." *United States v. Ellis*, 470 F.3d 275, 280 (6th Cir. 2006) (quoting *United States v. Morrison*, 967 F.2d 264, 268 (8th Cir. 1992)). This rarity underscores that "withdrawal of a guilty plea is inherently in derogation of the public interest in finality and the orderly administration of justice." *Id.* (quoting *United States v. Horne*, 987 F.2d 833, 837 (D.C. Cir. 1993)).

As the Court accepted Crowe's plea but has yet to impose a sentence, Crowe may withdraw his plea of guilty after "show[ing] a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). This is not a forbearing standard, however, as "[a] defendant does not have an absolute right to withdraw a guilty plea and bears the burden of proving that he is entitled to withdraw his guilty plea." *Ellis*, 470 F.3d at 280 (citation omitted) (citing *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996)). Rule 11(d)(2)(B) was designed "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty." *United States v. Simmons*, 794 F. App'x 461, 467 (6th Cir. 2019) (quoting *United States v. Alexander*, 948 F.2d 1002, 1004 (6th Cir. 1991)).

### III.   DISCUSSION

Plea bargaining, "[t]he disposition of criminal charges by agreement between the prosecutor and the accused, . . . is an essential component of the administration of justice. Properly administered, it is to be encouraged." *Santobello v. New York*, 404 U.S. 257, 261 (1971). Plea bargaining is not only "essential" but also contributes to a myriad of desirable results:

> It leads to prompt and largely final disposition of most criminal cases; it avoids much of the corrosive impact of enforced idleness during pretrial confinement for those who are denied release pending trial; it protects the public from those accused persons who are prone to continue criminal conduct even while on pretrial release; and, by shortening the time between charge and disposition, it enhances whatever may be the rehabilitative prospects of the guilty when they are ultimately imprisoned.

*Id.* (citing *Brady v. United States*, 397 U.S. 742, 751-52 (1970)).

When determining whether to accept a plea, if the "Rule 11 procedures were fully adequate, absent extraordinary circumstances, or some explanation of why defendant did not reveal other terms, at least when specifically asked to do so by the court, a defendant's plea agreement consists

of the terms revealed in open court . . . ." *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986); *see also, e.g.*, *United States v. Hronek*, 95 F. App'x 827, 829 (6th Cir. 2004) (concluding that a defendant cannot raise claims about breached oral promises which were not contained in the plea agreement, when the agreement contains an integration clause); (Plea Agreement ¶ 23). Crowe has not alleged at any point that the Court's plea colloquy was incorrect, misguided, or did not follow proper procedure. (*See generally* Def.'s Mot.).

The Sixth Circuit has delineated a multi-factor balancing test to determine whether to grant a motion to withdraw a guilty plea. *United States v. Lewis*, 800 F. App'x 353, 357 (6th Cir. 2020) (citing *United States v. Haygood*, 549 F.3d 1049, 1052 (6th Cir. 2008)). These factors to consider, while general and non-exclusive, are:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

*Id.* (quoting *Haygood*, 549 F.3d at 1052); *see also United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir. 1987). The United States does not need to establish prejudice, nor does the Court need to consider it, "unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal." *United States v. Spencer*, 836 F.2d 236, 240 (6th Cir. 1987).

### A. Amount of Time Elapsed

First, Crowe filed his motion on August 12, 2022. The plea hearing was conducted on February 23, 2022. (Order, DN 215). Thus, a total of one hundred seventy days have elapsed, which weighs against Crowe. *See United States v. Carpenter*, 554 F. App'x 477, 481 (6th Cir. 2014) ("The shorter the delay, the more likely a motion to withdraw will be granted, and a

defendant's reasons for filing such a motion will be more closely scrutinized when he has delayed his motion for a substantial length of time." (citation omitted)). While the Sixth Circuit "ha[s] not fashioned a precise cut-off point beyond which delay is unreasonable," denials of motions to withdraw have been affirmed "after delays as short as one or two months." *Id.* (citations omitted) (finding a wait of one hundred fifty-five days weighs against the defendant); *see also United States v. Carson*, 32 F.4th 615, 624 (6th Cir. 2022) (fifty-nine days); *United States v. Baez*, 87 F.3d 805, 808 (6th Cir. 1996) (sixty-seven days); *United States v. Jannuzzi*, No. 07-4521, 2009 U.S. App. LEXIS 4830, at *8 (6th Cir. Mar. 6, 2009) (noting thirty-day delay "at best . . . weighs only slightly toward [a defendant]'s benefit.").

### B.  **Circumstances of the Plea & Presence (or Absence) of a Valid Reason**

Next, Crowe claims he "now understands" information contained in the plea agreement regarding the United States' stance for sentencing recommendations, which was allegedly unclear to him at the change of plea hearing. (Def.'s Mot. 2). This new understanding is purportedly due to explanations provided by Crowe's new counsel. (Def.'s Mot. 3). The hearing transcript details the United States explicitly discussing the sentencing recommendations in the agreement, which the Court confirmed was substantively correct with Crowe and his counsel. (R. 10:22-13:8).[1] Specifically, in addition to terms regarding forfeiture of property, the United States noted it "will recommend a sentence of imprisonment at the lowest end of the applicable guideline but not less than any mandatory minimum. If the Court decides to impose a fine, the United States

---

[1] When asked if the United States' recitation was accurate, counsel stated the United States would not be arguing for a leadership role enhancement under the Sentencing Guidelines; after an off-the-record discussion, counsel acknowledged a disagreement with the United States about enhancement. (R. 12:8-18). The Court noted no concession was in the plea agreement and confirmed that the issue was preserved for sentencing. (R. 12:19-22). The United States remarked that Defendant "has full rights to argue for any sentence he wishes under the plea." (R. 12:23-25).

5

will recommend a fine at the lowest end of that guideline." (R. 10:23-11:3). When asked whether that summarized the terms of the agreement as he understood them, Crowe replied, "Yes, sir." (R. 13:3-5). The Court also confirmed Crowe was retaining his argument about enhancements for sentencing; Crowe replied affirmatively. (R. 13:6-9).

The United States' recitation of its sentencing recommendations was nearly verbatim to the provision contained in the agreement. (Plea Agreement ¶ 10). The provision unambiguously states the United States will "recommend a sentence of imprisonment at the lowest end of the *applicable* Guideline Range." (Plea Agreement ¶ 10 (emphasis added)). The agreement does not denote what the applicable guideline range is or bind the United States to such a range; instead, the agreement acknowledges that the applicable offense level and criminal history category will be determined after completion of the Presentence Investigation Report and the Court will independently calculate the guidelines. (Plea Agreement ¶ 11). This deferral was discussed during the hearing, with Crowe acknowledging his understanding. (R. 8:24-9:4).

While Crowe now claims he did not understand at the hearing, the Sixth Circuit has voiced skepticism against belated claims regarding misunderstandings of the plea agreement:

> If we were to rely on [the defendant]'s alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy (which he now argues were untruthful) indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners such as [the defendant] from making the precise claim that is today before us.

*Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). Moreover, "[w]here the court has scrupulously followed the required procedure, 'the defendant is bound by his statements in response to that court's inquiry.'" *Baker*, 781 F.2d at 90 (citation omitted); *see Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of

6

verity. The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." (citations omitted)).

Additionally, Crowe avers he is now capable of presenting a trial strategy. (Def.'s Mot. 3-4). The strategy proffered in Crowe's motion, however, was available prior to entering a guilty plea, as the purported lack of corroborating details and arguable veracity of the co-defendant testimony have not developed from events after the hearing. (*See* Def.'s Mot. 3-4). Thus, the argument is unpersuasive. *Triplett*, 828 F.2d at 1197-98 (concluding a defendant's proffer of an allegedly meritorious defense is insufficient for withdrawal of a plea as it was available to him when he entered his plea).

Crowe also claims he entered a guilty plea "due to supposed threats . . . about potential prosecution by the Government of his mother or other family members for money laundering or other crimes associated with [Crowe]'s alleged conduct." (Def.'s Mot. 3). When faced with similar allegations, the Sixth Circuit found "a defendant who . . . expressly represents in open court that his guilty plea is voluntarily ordinarily cannot repudiate his statements to the . . . judge." *United States v. Newell*, No. 17-5649, 2018 U.S. App. LEXIS 32180, at *7 (6th Cir. Nov. 13, 2018) (citing *United States v. Todaro*, 982 F.2d 1025, 1030 (6th Cir. 1993)). Crowe never voiced any such concerns prior to the current motion, and these allegations now inherently conflict with Crowe's own testimony about the voluntariness of his plea. (R. 14:20-23 (Defendant denied that anyone threatened him "or anyone close to [him]" to force a guilty plea)). Like in *Newell*, Crowe's "self-serving assertions to the contrary are insufficient to repudiate his statements during the plea hearing that his decision to plead guilty was voluntary." *Newell*, 2018 U.S. App. LEXIS 32180, at *8; *see also Blackledge*, 431 U.S. at 74.

To the extent Crowe alleges he was given insufficient time to "evaluate such threats," Crowe's declarations in open court demonstrate otherwise. (*See* Def.'s Mot. 3; R. 4:24-5:4). Crowe was explicitly asked whether he had ample time to speak with counsel about his case and the decision to enter a guilty plea. (R. 4:24-5:4). Crowe indicated he was satisfied and had plenty of time. (R. 4:24-5:7). Therefore, Crowe's current argument to the contrary is unpersuasive. *See Triplett*, 828 F.2d at 1197 (finding when the court takes "every effort to guarantee that [a defendant] adequately considered his options and that he entered into the plea bargaining agreement voluntarily and knowingly," a defendant may not later claim the time was insufficient. (citation omitted)).

To the extent Crowe argues his previous counsel insufficiently apprised him of the benefits and risks of a guilty plea versus proceeding to trial, this argument fails. (*See* Def.'s Mot. 2-3). Crowe confirmed he had sufficient time to discuss his case, specifically his decision to enter a guilty plea, with his attorneys and confirmed he was satisfied with their advice. (R. 4:24-5:7). If Crowe argues that his misunderstanding of the United States' purported opposition to sentencing arguments is premised upon his previous counsel's advice, the Sixth Circuit has concluded even if "an attorney erroneously promises a certain sentencing outcome, a defendant cannot show prejudice if he was accurately advised during the plea colloquy." *Carson*, 32 F.4th at 622 (citation omitted) (citing *Ramos*, 170 F.3d at 566); *see also Ewing v. United States*, 651 F. App'x 405, 410 (6th Cir. 2016) (finding "the trial court's proper plea colloquy cured any misunderstanding [the defendant] may have had about the consequences of his plea." (citation omitted)).

    C.    **<u>Asserting or Maintaining Innocence</u>**

Briefly, Crowe contends that he "asserts and maintains his innocence . . . ." (Def.'s Mot. 3). "A defendant's 'vigorous and repeated protestations of innocence' may support the decision

to allow withdrawal of a guilty plea[,]" but this support wavers when a defendant makes a knowing and voluntary guilty plea before the judge, specifically where the defendant admits his involvement. *Carson*, 32 F.4th at 624 (quoting *Carpenter*, 554 F. App'x at 482). Additionally, "claims of innocence are not convincing when the defendant has vacillated over time." *Carpenter*, 554 F. App'x at 482 (citations omitted).

Here, the United States read aloud the facts stipulated in the plea agreement, including that Crowe "knowingly and intentionally conspired and agreed, together with [co-defendants] and others . . . to possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine." (R. 15:10-18); *see also* (Plea Agreement ¶ 3). When asked by the Court whether he was guilty of the crime charged, Crowe responded, "Yes, sir." (R. 16:16-17). When asked if he committed the acts described by the United States, Crowe again responded, "Yes, sir." (R. 16:18-20). Finally, when asked how he pled, Crowe conceded he was guilty. (R. 16:21-23). This admission supplants Crowe's later arguments of innocence, particularly given the length of time elapsed between the hearing and present motion. *See Carpenter*, 554 F. App'x at 482 (citations omitted); *Carson*, 32 F.4th at 624 (citation omitted).

### D. Defendant's Background & Experience with Criminal Justice System

Crowe avers that he has never appeared in federal court and has never previously sought a jury trial. (Def.'s Mot. 4). The Presentence Investigation Report confirms Crowe has never appeared in *federal* court, but Crowe's criminal history in state court contains an abundance of misdemeanor and felony convictions, as well as several pending misdemeanor and felony charges. (Presentence Investigation Report 14-28, DN 261). Crowe's criminal history is ultimately classified as category V. (Presentence Investigation Report 27). Given this history, it is evident that Crowe is familiar with the criminal justice system and the plea process insofar that he may

understand the consequences of his actions. *Carson*, 32 F.4th at 625 (finding a defendant's state criminal history "indicates a general understanding of the criminal justice system and plea bargaining." (citation omitted)); *Carpenter*, 554 F. App'x at 483-84 (finding that a defendant with a criminal history category of III "clearly indicates that [he] was not a naive stranger to the criminal proceedings in which he was involved." (alteration in original) (quoting *United States v. Pluta*, 144 F.3d 968, 974 (6th Cir. 1998)).

### E.  Prejudice to the United States

While the Court is not required to consider prejudice, the issue is persuasively argued. Every co-defendant in this matter has been sentenced except Crowe. (Sentencings, DN 150, 164, 173, 248, 263, 276, 296). With each co-defendant sentenced, "[t]he government . . . ha[s] lost any leverage it might have needed relative to other defendants testifying against [Crowe]." *Bazzi*, 94 F.3d at 1027; *see also United States v. Weldon*, 541 F. Supp. 2d 890, 901-02 (E.D. Ky. 2006) (noting that the government's case was prejudiced by the co-defendant's sentencing, because while she may still be compelled to testify at trial if the plea was withdrawn, "the compulsion of her testimony would likely be with less force as was previously applicable."). Additionally, this matter was initially set for trial on March 15, 2022, and was remanded from the Court's calendar following the plea. (Order 4, DN 215). With Crowe being the final co-defendant, trial preparation ceased. Restarting trial preparations several months later is not *substantially* more imposing than if the United States had previously continued, but the effect of the delay in preparation and witness coordination still weighs against Crowe's motion. *See Bazzi*, 94 F.3d at 1027; *United States v. Baker*, No. 21-3159, 2022 U.S. App. LEXIS 9315, at *20 (6th Cir. Apr. 5, 2022).

## IV.      CONCLUSION

Crowe has failed to satisfy any of the factors meriting withdrawal of his guilty plea. For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Withdraw His Guilty Plea (DN 290) is **DENIED**.

Greg N. Stivers, Chief Judge
United States District Court

October 7, 2022

cc:     counsel of record