UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CRIMINAL ACTION NO. 1:20-CR-00030-GNS-HBB-1
CIVIL ACTION NO. 1:24-CV-00047-GNS

TYRECUS J. CROWE                                              MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                          RESPONDENT/PLAINTIFF

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Movant's Proposed Amended Section 2255 Motion (DN 398), and Movant's Objections (DN 368)[1] to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation ("R. & R.") (DN 366) on Movant's Motion to Vacate (DN 351).

## I.    STATEMENT OF CLAIMS

In 2020, a federal grand jury indicted Movant Tyrecus J. Crowe ("Crowe") and seven other defendants for crimes relating to the possession and distribution of methamphetamines. (Indictment 1-2, DN 14).  In the Superseding Indictment, Crowe was indicted for one count of conspiracy to possess with intent to distribute a controlled substance.  (Superseding Indictment 1-2, DN 80).[2]

---

[1] Throughout Movant's objection, his counsel erroneously refers to the Magistrate Judge as "Magistrate."  "Since 1991 the proper title is 'Magistrate Judge.'  If counsel wishes to shorten the title, normally it is shortened to 'Judge' and not 'Magistrate.'  Counsel would certainly not refer to a Bankruptcy Judge as 'Bankruptcy' or call a Lieutenant Colonel in the Army 'Lieutenant.'" *Lannom v. Wild*, No. 3:12-MC-0051, 2012 WL 4757948, at *1 n.1 (M.D. Tenn. Aug. 21, 2012); *see also United States v. Higby*, 544 F. Supp. 3d 861, 862 (S.D. Iowa 2015) ("To avoid confusion with state court justices of the peace or other part time judicial officers with relatively little responsibility, Congress changed the title for Article I judicial officers from 'Magistrate' to 'Magistrate Judge'. . . . They should be referred to as 'Magistrate Judge'.  They work in the United States District Court.").

[2] During the course of the case, Crowe was represented by four attorneys.  Initially, he was jointly represented by Matthew J. Baker ("Baker") and John L. Caudill ("Caudill").  On April 14, 2022,

On February 23, 2022, and while he was represented by Baker and Caudill, Crowe signed a plea agreement in which he agreed to plead guilty to the offense involving the distribution of at least 500 grams of methamphetamine during the period covered by the Superseding Indictment. (Plea Agreement 2, DN 214).  As part of the plea agreement, the United States agreed to recommend a sentence at the lowest end of the applicable guideline range, subject to a mandatory minimum, and the parties agreed that the Court would determine the applicable guideline range based upon the presentence investigation report.  (Plea Agreement 3, 6).

Crowe expressly waived any right to withdraw his guilty plea.  (Plea Agreement 5-6, 8). Above signature line, the plea agreement states:  "I have read this Agreement and carefully reviewed every part of it with my attorney.  I fully understand it and I voluntarily agree to it." (Plea Agreement 9).  In addition, above the signature lines for Crowe's counsel, the plea agreement states: "We are the defendant's counsel.  We have carefully reviewed every part of this Agreement with the defendant.  To our knowledge our client's decision to enter into this Agreement is an informed and voluntary one."  (Plea Agreement 9).

On that same date, Crowe entered a guilty plea.  (Order, DN 21).  During the Court's standard plea colloquy, Crowe acknowledged, *inter alia*, that he:  (i) did not have to plead guilty; (ii) did not sign the plea agreement under duress; (iii) could not withdraw his guilty plea regardless of the sentence imposed; (iv) was actually guilty of the crime charged; and (v) committed acts outlined by the prosecutor during the hearing.  (Change Plea Hr'g Tr. 5:8-16:23, DN 297).  On

---

Caudill was permitted to withdraw.  (Order, DN 230).  On June 9, 2022, the Court granted Baker's motion to withdraw and appointed Kevin L. Goff ("Goff") as CJA-appointed counsel.  (Order, DN 271).  On July 27, 2022, Johnny W. Bell ("Bell"), a private attorney retained by Crowe, entered an appearance.  (Notice Att'y Appearance, DN 284).  On August 1, 2022, the Court granted Goff's motion to withdraw due to Crowe's retention of private counsel.  (Order, DN 295).

June 1, 2022, the final presentence investigation report was filed. (Presentence Investigation Report, DN 261).

After Bell entered an appearance, Crowe moved to withdraw his guilty plea on August 12, 2022. (Def.'s Mot. Withdraw, DN 285). As the Magistrate Judge noted:

> Essentially, Crowe claimed: (1) not to have understood that the United States would oppose his request for a downward variance below his guidelines range; (2) his relationship with his prior retained counsel had "soured;" (3) his new retained counsel gave him a better view of the United States' burden as to the conspiracy charge, its evidence, and that he was innocent; and (4) the United States had threatened to prosecute his mother or other family members if he did not plead guilty.

(R. & R. 5, DN 366 (citing Def.'s Mot. Withdraw 2-4)). When the United States opposed the motion on various grounds including its late filing, Crowe attributed the delay to his prior counsel. (Pl.'s Resp. Def.'s Mot. Withdraw 3-13, DN 302; Def.'s Reply Mot. Withdraw 3, DN 306). On October 7, 2022, the Court denied the motion because Crowe had failed to meet his burden to withdraw his guilty plea. (Mem. Op. & Order 3-11, DN 308).

At sentencing, the Court found that Crowe's total offense level was a 40 with a criminal history category of V, which produced a guideline range of 360 months to life. (Statement Reasons 1, DN 320). The Court imposed a below-guideline sentence of 250 months imprisonment. (J. & Commitment Order 3, DN 319).

Following sentencing, Crowe appealed his guilty plea and sentence. *See United States v. Crowe*, No. 22-6046, 2023 WL 4586154, at *3 (6th Cir. July 18, 2023). In affirming this Court's judgment, the Sixth Circuit held that Crowe had failed to provide a meritorious basis for withdrawing his guilty plea and that no error was committed in imposing his sentence. *See id.* at *3-9.

Crowe has now moved to vacate his conviction pursuant to 28 U.S.C. § 2255 due to two claims of ineffective assistance of trial counsel based on: (i) the delay in moving to withdraw the guilty plea; and (ii) the failure to move to suppress evidence. (Movant's Mem. Supp. Mot. Vacate 2-10, DN 351-2). Crowe requested an evidentiary hearing on his claims for relief. (Movant's Mem. Supp. Mot. Vacate 10-11).

After Crowe's Section 2255 motion was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B), the Magistrate Judge issued the Findings of Fact, Conclusions of Law, and Recommendation ("R. & R.") in which it was recommended that: (i) the first claim relating to the withdrawal of the guilty plea was procedurally barred and failed on the merits; (ii) the second claim relating to the failure to seek the suppression of evidence was barred by the terms of the guilty plea and failed on the merits; and (iii) a certificate of appealability should be denied for both claims. (Order 1, DN 352; R. & R. 10-28). Crowe then objected to the R. & R. (Movant's Obj., DN 368).

At Crowe's request, he was then allowed to proceed *pro se*, and Bell's representation of Crowe was terminated. (Order, DN 378). After the Magistrate Judge denied Crowe's *pro se* motions relating to discovery, Crowe filed a proposed amended Section 2255 motion. (Order, DN 398; Movant's Proposed Am. Section 2255 Mot., DN 399).

### III.    DISCUSSION

#### A.    Proposed Amended 2255 Motion

While styled as a proposed motion, the Court construes Crowe's motion as a motion for leave to amend under Fed. R. Civ. P. 15. In this motion, Crowe raises four proposed claims. (Movant's Proposed Am. 2255 Mot. 4, DN 398).

A motion for leave to amend a Section 2255 motion is governed by Fed. R. Civ. P. 15.  *See Oleson v. United States*, 27 F. App'x 566, 568 (6th Cir. 2001).  In relevant part, Rule 15 provides that such a motion "should [be] freely granted when justice so requires."  Fed. R. Civ. P. 15(a)(2).  A motion for leave to amend should be denied, however, if the amendment is asserted in bad faith, for dilatory purposes, results in an undue delay or prejudice to the opposing party, or would be futile.  *See Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citations omitted).  Whether to grant a motion for leave to amend is within the sound discretion of the trial court.  *See id.*

In reviewing the proposed motion, the Court must consider whether the claims asserted relate back to the original motion to vacate.  The Supreme Court has held that a claim in an amended motion does not relate back to the original date of filing under Fed. R. Civ. P. 15(c)(2) (and thereby escape the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996) when it asserts a new ground for relief supported by facts that differ in both time and type from those set forth in the original pleading.  *See Mayle v. Felix*, 545 U.S. 644, 656-57, 662-64 (2005).  The relation back doctrine will only apply to newly added claims that share a "common core of operative facts" with claims which have been timely raised.  *See id.* at 664.  Notably, the Supreme Court has interpreted the "conduct, occurrence, or transaction" language of Fed. R. Civ. P. 15(c)(2) to refer to the facts giving rise to a particular Section 2255 claim, rather than to the trial and eventual conviction which are being attacked.  *See id*.

### 1.    *Ground One*

In Ground One, Crowe alleges that he received ineffective assistance of counsel when trial counsel failed to communicate with Crowe for a reasonable amount of time, and he asserts that the communication amounted to only seven hours of video conferencing over a two-year time span. (Movant's Proposed Am. 2255 Mot. 4-8).  As a result, Crowe maintains that his counsel failed to

file pretrial motions to suppress evidence, to dismiss the case, and challenge the Superseding Indictment. (Movant's Proposed Am. 2255 Mot. 4-8). Crowe also claims he was coerced into pleading guilty instead of proceeding to trial. He contends that is why he filed the *pro se* motion to withdraw the guilty plea seven days after the guilty plea. (Movant's Proposed Am. 2255 Mot. 5). Essentially, Ground One is an amalgam of the first and second claims raised in memorandum in support of the 2255 motion previously filed by counsel. (Movant's Mem. Supp. Mot. Vacate 2-11). Consequently, this proposed claim is already addressed in the R. & R., and Crowe's objection to the R. & R. is discussed below. The motion for leave is denied as to Ground One.

2.    *Ground Two*

In Ground Two, Crowe alleges that an invalid leadership enhancement was applied, which triggered a higher offense level in the presentence investigation report and judgment. (Movant's Proposed Am. 2255 Mot. 9-12). He also challenges the Court's finding that he was the leader of the drug conspiracy. (Movant's Proposed Am. 2255 Mot. 9-12 (citing (Movant's Proposed Am. 2255 Mot. Ex. E, DN 398-4). The waiver provision within the plea agreement, however, bars this claim as it does not allege ineffective assistance of counsel or prosecutorial misconduct, and therefore, the motion for leave is also denied as to Ground Two because the assertion of this claim would be futile. (Plea Agreement 3-4, 7).

3.    *Ground Three*

Ground Three alleges the United States committed a *Brady* violation by withholding favorable text messages and Crowe's attorney was unaware of these text messages. (Movant's Proposed Am. 2255 Mot. 14-17). Crowe contends all evidence should be suppressed under the fruit of the poisonous tree doctrine. (Movant's Proposed Am. 2255 Mot. 14-17 (citing Movant's Proposed Am. 2255 Mot. Ex. E)). While this claim constitutes a prosecutorial misconduct claim,

it is time-barred. *See Oleson*, 27 F. App'x at 571 ("Oleson's amendment does not escape the AEDPA statute of limitations by 'relating back' to previous claims—Oleson's amendment raises an entirely new argument."). Additionally, the proposed amendment does not relate back to the original 2255 motion because it does not arise out of the conduct, transaction, or occurrence set out in that motion. *See* Fed. R. Civ. P. 15(c)(1)(B). Therefore, the motion for leave is denied because Ground Three would be futile.

### 4.    *Ground Four*

In Ground Four, Crowe alleges that on August 30, 2020, FBI Special Agent Laferte ("Laferte") conducted a warrantless search of Crowe's home and two vehicles outside the home. (Movant's Proposed Am. 2255 Mot. 18, 22-24). Crowe alleges that after conducting the illegal search, Laferte then submitted the warrant by telephone or other reliable electronic means at 11:27 PM. (Movant's Proposed Am. 2255 Mot. 18, 22-24). Crowe again accuses Laferte of forging the Magistrate Judge's signature on the warrant without even talking to him. (Movant's Proposed Am. 2255 Mot. 18, 22-24). Crowe argues all evidence seized as a result of this illegal warrantless search should be suppressed. (Movant's Proposed Am. 2255 Mot. 18, 22-24 (citing Movant's Proposed Am. 2255 Mot. Ex. A, DN 398-1; Movant's Proposed Am. 2255 Mot. Ex. B, DN 398-2)). Consequently, part of this proposed claim is already addressed in the R. & R. To the extent Crowe now alleges that the search occurred prior to issuance of the search warrant, this allegation could and should have been raised in the original 2255 motion and is now time-barred. *See Oleson*, 27 F. App'x at 571; Fed. R. Civ. P. 15(c)(1)(B). Therefore, the motion for leave is also denied as to Ground Four.

B.    **Objection to R. & R.**[3]

Under 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72, a district court may refer a Section 2255 motion to a magistrate judge to conduct an evidentiary hearing, if necessary, and submit proposed findings of fact and recommendations for the disposition of the motion.  Fed. R. Civ. P. 72(b)(2) provides a defendant with fourteen days after service to register any objections to the recommended disposition.  This Court must "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1)(C).  A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic."  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (alterations in original) (citation omitted).  The Court does not permit a general objection that fails to identify specific factual or legal issues from the R. & R. as it duplicates the magistrate judge's efforts and wastes judicial resources.  *See Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  After reviewing the evidence, the Court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations.  *See* 28 U.S.C. § 636(b)(1)(C).

Under 28 U.S.C. § 2255, a prisoner in custody may move to vacate, set aside, or correct a sentence on grounds that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ."  28 U.S.C. 2255(a).  When the prisoner alleges constitutional error, the error must be one of constitutional magnitude that had a substantial and injurious effect or influence on the

---

[3] Through his objection, Crowe mischaracterizes the reasoning of the R. & R. as arguments made by the Magistrate Judge in a judicial decision and erroneously states that the Magistrate Judge lacks firsthand knowledge or failed to offer evidence.

proceedings to warrant relief. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). Non-constitutional errors, on the other hand, are generally outside the scope of Section 2255 relief and only merit relief if the prisoner establishes a "fundamental defect which inherently results in a complete miscarriage of justice . . . ." *Reed v. Farley*, 512 U.S. 339, 348 (1994) (citing *United States v. Cofield*, 233 F.3d 405, 407 (6th Cir. 2000)).

### 1. *Ineffective Assistance of Counsel – Delay in Filing of Motion to Withdraw Guilty Plea*

In Crowe's objection, he contends that the Magistrate Judge erred in finding that this claim was procedurally barred and that the claims also failed on the merits. (Movant's Obj. 1-3).

### a. **Procedural Bar**

"It is [] well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999) (citing *Oliver v. United States*, 90 F.3d 177, 180 (6th Cir. 1996)). In his objection, Crowe asserts that "as acknowledged by the Magistrate [Judge], [] [Crowe] did not wait a long time to file a motion to withdraw the plea, as [] [Crowe] filed a pro se motion to withdraw the plea ten days after the plea was entered." (Movant's Obj. 2 (R. & R. 13). In making that assertion, however, the R. & R. was merely summarizing Crowe's arguments, not making any finding. (R. & R. 12-13).

In Crowe's direct appeal, the Sixth Circuit specifically addressed his efforts to withdraw his guilty plea and stated:

> Crowe [] claims that he did not seek to withdraw his plea earlier because his relationship with his initial attorneys had "soured" only after he pleaded guilty in February 2022. Yet the record discloses Crowe's displeasure with his attorneys as early as April. But he did not move to withdraw his plea until August—only after he received the initial presentence report and the government's sentencing position.

> The district court could find this timing "suspect." And Crowe offers no reason why his troubled relationship with his initial attorneys would render his decision to plead guilty problematic.

*Crowe*, 2023 WL 4586154, at *5 (internal citations omitted). Crowe's ineffective assistance of counsel claim raised in the present motion seeks to relitigate the issues relating to the withdraw of his guilty plea when those issues were considered on direct appeal.

While Crowe clearly disagrees with the R. & R.'s reasoning that he is procedurally barred from raising this issue because the Sixth Circuit addressed it on direct appeal, he has failed to establish the existence of exceptional circumstances to overcome the procedural bar. His first claim is denied on this basis. *See United States v. Aguirre-Jerardo*, No. 5:15-CR-72-KKC-CJS-4, 2021 WL 8314561, at *6 (E.D. Ky. Feb. 26, 2021) ("Aguirre-Jerardo 'cannot use a § 2255 proceeding, in the guise of ineffective assistance of counsel, to relitigate issues decided adversely to him on direct appeal.' Accordingly, Aguirre-Jerardo's mere repetition of an argument rejected by the District Judge and by the Sixth Circuit Court of Appeals fails to do what he must to obtain § 2255 relief—explain how counsel was ineffective." (internal citation omitted)).

### b.    Merits

Even if the first claim were not procedurally barred, Crowe has failed to show that he is entitled to relief. To prove ineffective assistance of counsel, Crowe must provide both a deficient performance and resulting prejudice. *See Strickland v. Washington*, 466 U.S 668, 687 (1984). It is unnecessary to consider both requirements if one is not satisfied. *See id.* at 697.

### i.    Deficient Performance

For the first requirement, Crowe must show that "counsel's performance fell below an objective standard of reasonableness . . . ." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (internal quotation marks omitted) (citing *Strickland*, 466 U.S. at 694). "The objective

standard of reasonableness is a highly deferential one and includes a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Mason v. Mitchell*, 320 F.3d 604, 616-17 (6th Cir. 2003) (internal quotation marks omitted) (citing *Strickland*, 466 U.S. at 689; *United States v. Pierce*, 62 F.3d 818, 833 (6th Cir. 1995)). As this Court has noted:

> When the Court assesses counsel's performance, it must make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689. "The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom."

*Flores v. United States*, No. 3:10CR-00051-CRS-DW-26, 2017 WL 1485530, at *2 (W.D. Ky. Feb. 6, 2017) (quoting *Harrington v. Richter*, 562 U.S. 86, 88 (2011)).

While Crowe's counsel characterizes the reasoning of the R. & R. as specious, it is well-reasoned and explains how both this Court and the Sixth Circuit considered Crowe's motion to withdraw his guilty plea. In considering the motion, this Court considered: (i) the amount of time that had elapsed; (ii) the circumstances of the plea and the presence (or absence) of valid reason; (iii) whether Crowe was asserting or maintaining his innocence; (iv) his background and experience with the criminal justice system; and (v) prejudice to the United States. (Mem. Op. & Order, 3-10, DN 308). After considering those facts, this Court held that Crowe had failed to meet his burden and denied the motion.[4] (Mem. Op. & Order 11, DN 308). The Sixth Circuit thoroughly

---

[4] During the *ex parte* hearing on April 14, 2022, the Court considered whether to grant Crowe's request to terminate the representation of his retained counsel—Caudill and Baker. (Sealed *Ex Parte* Hr'g Tr. 2:19-22, DN 329). While Caudill was relieved of his responsibilities, Baker agreed to continue to represent Crowe. (Sealed *Ex Parte* Hr'g Tr. 13:11-15). However, Baker was clear that he would not file a motion to withdraw the guilty plea, and Crowe acknowledged that he understood that Baker would not file the motion while serving as Crowe's counsel. (Sealed *Ex Parte* Hr'g Tr. 11:8-15, 12:20-22). Crowe told the Court that he wished for Baker to continue to represent him. (Sealed *Ex Parte* Hr'g Tr. 13:8-10).

reviewed this Court's ruling and concluded that this Court had not abused its discretion in denying his motion. *See Crowe*, 2023 WL 4586154, at *3-5.

Crowe insists that his counsel's performance was deficient in failing to timely file the motion. However, both this Court and the Sixth Circuit concluded that the motion lacked merit after considering all of the above factors. Accordingly, Crowe has failed to meet his burden, and the R. & R. did not err in this regard.

### ii.    Prejudice

For the second requirement, Crowe must establish that "there is a reasonable probability that, but for the deficiency, the outcome of the proceedings would have been different." *Griffin*, 330 F.3d at 736 (internal quotation marks omitted). A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S at 694. In his objection, Crowe continues to assert that he was prejudiced. (Movant's Obj. 3).

As the Magistrate Judge correctly noted, however, the delay in filing the motion to withdraw the guilty plea was but one factor considered by this Court. (R. & R. 20). This Court concluded that the motion failed when all of the relevant factors were considered. (Mem. Op. & Order 11). Thus, Crowe has not shown that there was a reasonable probability of the motion being granted to allow him to withdraw his guilty plea if his prior attorneys had filed the motion sooner. Crowe's objection is overruled on this basis.

### 2.    *Ineffective Assistance of Counsel – Failing to Move to Suppress Evidence*

Crowe also contends that the Magistrate Judge erred in recommending the denial of his motion regarding counsel's failure to move to suppress evidence relating to the search warrant. (Movant's Obj. 3-5). The Magistrate Judge reasoned that Crowe had waived the right to raise this

issue as part of his guilty plea and he would not have been entitled to suppress the evidence.  (R. & R. 23-26).

### a.    Waiver

"A voluntary and intelligent guilty plea usually forecloses later attempts to challenge the resulting judgment; the plea serves not only to admit the conduct charged in the indictment[,] but also to concede guilt of the substantive crime."  *In re Hanserd*, 123 F.3d 922, 926 (6th Cir. 1997) (citing *United States v. Broce*, 488 U.S. 563, 570 (1989)).  As the Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann* [*v. Richardson*, 397 U.S. 759 (1970)].

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973)).  As a result, "[c]laims of pre-plea ineffective assistance not relating to the acceptance of the plea are waived . . . ."  *Rose v. Warden Chillicothe Corr. Inst.*, No. 18-3997, 2019 WL 5260158, at *3 (6th Cir. July 17, 2019) (quoting *Rice v. Olson*, No. 16-1125, 2016 WL 3877866, at *2 (6th Cir. July 15, 2016)).

In this instance, Crowe asserts that his counsel was deficient in failing to move to suppress certain evidence prior to the entry of his guilty plea.  The Magistrate Judge correctly identified this issue as a pre-plea matter that was waived by virtue of Crowe's guilty plea.  (R. & R. 25-26).

Crowe asserts that this issue is not waived to the extent that it relates "his right to proceed trial [being] foreclosed by counsel's failure to conduct investigation on the suppression issue . . . ." (Movant's Obj. 4).  As the R. & R. notes, Crowe mentioned this issue in his reply but failed to substantiate this assertion.  (R. & R. 26-27 n.14).  Because this assertion was not properly raised

before the Magistrate Judge, this argument is waived. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

For these reasons, Crowe's second claim was waived by pleading guilty. As a result, the R. & R. did not err in recommending denial of this claim based on waiver.

### b.    Merits

Assuming Crowe has not waived this claim, the R. & R. also recommended the denial of this claim on the merits. (R. & R. 27). As the Supreme Court has explained:

> In the context of guilty pleas, the first half of the *Strickland v. Washington* test is nothing more than a restatement of the standard of attorney competence already set forth in *Tollett v. Henderson*, [] and *McMann v. Richardson* []. The second, or "prejudice," requirement, on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process. In other words, in order to satisfy the "prejudice" requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.

*Hill .v Lockhart*, 474 U.S. 52, 58-59 (1985).

There is an absence of evidence that Crowe's counsel acted unreasonably in failing to make the motion to suppress. While Crowe's takes issue with the R. & R., it was not the Magistrate Judge's responsibility to "offer[] [] first-hand knowledge or evidence that rebut]ted [Crowe's] assertion" that the search warrant had a forged signature and that no authorization was given for the search. (Movant's Obj. 4). Instead, the R. & R. outlines the evidence in the record reflecting that the law enforcement officer complied with Fed. R. Crim. P. 4.1 as to the preparation of the original and duplicate warrant, the transmittal of the application and warrant to the Magistrate Judge, and the signatures on the original and duplicate documents. (R. & R. 27). Crowe's disagreement with the evidence in the record is not sufficient to meet his burden of proving deficient performance. This claim fails for this reason, and it is unnecessary to consider whether Crowe could prove the prejudice prong. *See Strickland*, 466 U.S at 697

### 3.    *Evidentiary Hearing*

Finally, Movant contends that the Magistrate Judge erred in failing to grant an evidentiary hearing on his Section 2255 motion.  (Movant's Obj. 5).  In relevant part, Section 2255 provides:

> Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto.

28 U.S.C. § 2255(b).  The Magistrate Judge determined that no hearing was necessary after the considering the record and the arguments of the parties.  (R. & R. 1).

In his objection, Crowe asserts that a hearing should have been granted but otherwise fails to explain why a hearing was necessary.  Based on the Court's review of the R. & R. and Crowe's objection, a hearing was not warranted, and the objection is overruled on this basis.

### 4.    *Certificate of Appealability*

The Magistrate Judge recommended that a certificate of appealability be denied as to both claims.  (R. & R. 21-22, 28).  Based on this Court's review of the R. & R., no reasonable jurist could debate the merits of Crowe's claims.  Accordingly, a certificate of appealability is denied.

### III.    <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1.    Movant's Proposed Amended Section 2255 Motion (DN 398) is **DENIED**.

2.    Movant's Objection (DN 368) is **OVERRULED**.

3.    The Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 366) is **ADOPTED**, and Movant's Motion to Vacate (DN 351) is **DENIED**.

     4.     The issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and

Fed. R. App. P. 22(b) is **DENIED**.

Greg N. Stivers, Chief Judge

United States District Court

August 20, 2025

cc:    counsel of record
       Movant, *pro se*